UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON HUTCHINS, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BILL LOCKYER, et al.,<br><br>　　　　Defendants. | **CASE NO. 1:15-cv-01537-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**ORDER DISMISSING PLAINTIFF'S EX PARTE APPLICATION AS MOOT**<br><br>**(ECF Nos. 1 & 12)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Clifton Hutchins, Jr., a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 28, 2015. Plaintiff's complaint is before the Court for screening. Plaintiff has consented to Magistrate Judge jurisdiction in this case. (ECF No. 7).

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.    PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at Wasco State Prison in Wasco, California. Plaintiff brings this action against several Defendants: Bill Lockyer, Director of

Corrections; J. Lewis, Deputy Director, Policy and Risk Management Services[1]; Dr. A. Youssef, Chief Medical Executive; J. Katavich, Warden; Drs. A. Johal, A. Klang, Ramos, Sheheta, and Patel; and Dr(s). John Doe numbers 1 through 10. Plaintiff alleges that Defendants violated his right to adequate medical care. He seeks damages in the amount of three million dollars.

Plaintiff's substantive allegations may be summarized as follows:

Plaintiff suffers from rheumatoid arthritis in his knee and shoulder and advanced degenerative joint disease of the patellofemoral joint line. He may require extensive surgery in the future, including a regional partial resurfacing of the patellofemoral joint line.[2]

On or about October 7, 2014, Defendant Dr. Johal cut off Plaintiff's opioid pain medication without properly tapering Plaintiff, as per the procedures set out in the Pain Management Guideline Manual.[3] After Dr. Johal discontinued Plaintiff's opioid medication, she placed him on another medication that Dr. Johal knew caused extreme nausea and dizziness.

Plaintiff filed a health care request form to challenge the unexplained changing of his medication. He also filed a CDCR 602 HC Inmate Appeal Form requesting Dr. Johal reinstate his opioid therapy and physical therapy for six months in order to increase Plaintiff's physical mobility and reduce pain on walking, getting dressed, and showering, and enable Plaintiff to sleep without pain.

Plaintiff's appeal was partially granted at the first level of review. Though he received physical therapy and a knee brace, he was denied opioid medications. Plaintiff

---

[1] Defendant J. Lewis is not named in the caption of the complaint; however it appears that Plaintiff intends to state a claim against Defendant Lewis.
[2] Plaintiff refers the Court to Exhibit A, his Medical Progress Report, but there is no Exhibit A attached to the Complaint for the Court to consider.
[3] Plaintiff refers the Court to Exhibit B, a Pain Management Guideline Manual, but there is no Exhibit B attached to the Complaint for the Court to consider.

then submitted his Inmate Appeal to the second level, again requesting the reinstatement of his opioid medications. At this level, Defendant Dr. Klang denied Plaintiff's appeal after creating a false record stating that there was no documentation of objective evidence of severe disease.

In response to Dr. Klang's false representation, Plaintiff submitted an appeal seeking a proper medical assessment of his injuries and a continuation of his opioid therapy. On review, Defendant Dr. Youssef also denied Plaintiff's request for opioid therapy. Finally, Plaintiff appealed to the highest level, the "Directors' Level," and his request for opioid therapy was denied by Defendant J. Lewis on consideration of Plaintiff's course of treatment only and not his specific need for opioid therapy.

Plaintiff alleges that he has continuously suffered from extreme pain as a result of Defendants' failure to provide appropriate, adequate medical care, namely opioid treatment.

**IV.    DISCUSSION**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

4

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that he suffers from chronic pain due to rheumatoid arthritis and advanced degenerative joint disease. Such symptoms from such impairments reflect an objectively serious medical need. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (existence of chronic or substantial pain indicates a serious medical need) (citation omitted); *accord* Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk was obvious or provide other circumstantial evidence to indicate that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior*.

Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

As an initial matter, Plaintiff fails to provide facts to support *any* claims with regards to Defendants Lockyer, Katavich, Ramos, Sheheta, Patel, and John Doe(s) 1 through 10. Jones, 297 F.3d at 934. Plaintiff only asserts in a conclusory fashion that they denied him medical attention. Therefore, all claims against these Defendants are dismissed. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Ingram v. Brewer, No. 1:07-cv-00176-OWW-DLB, 2009 WL 89189 (E.D. Cal. January 12, 2009) ("In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.").

With regards to Defendants Johal, Klang, Youssef, and Lewis, Plaintiff fails to provide sufficient facts to show that these Defendants knew of or should have known of a substantial risk to Plaintiff's health and deliberately ignored that risk. Plaintiff pleads only conclusions, alleging that Defendants were "deliberately indifferent" to his "serious medical needs" by denying him opioid medications. Iqbal, 556 U.S. at 678. He must include facts which, if proven, would support a finding that these Defendants were deliberately indifferent to a known medical risk. It is not enough that Plaintiff, or even another physician, might prefer another course of treatment. Mere disagreement with a course of treatment does not suffice to support a claim under section 1983. Snow, 681F.3d at 987-88; Wilhelm, 680 F.3d at 1122-23.

Plaintiff alleges that Dr. Johal did not follow procedure when she abruptly discontinued Plaintiff's opioid medications and prescribed a different medication that she knew caused extreme nausea and dizziness. Dr. Johal did prescribe an alternative

6

medication as well as a knee brace and physical therapy.  It cannot be said that she disregarded his medical needs; just that she chose to follow a different course of treatment.  Though the medication was known to cause dizziness and nausea in some patients, Plaintiff does not allege that it caused these effects in him and that Defendant, knowing of the side effects, continued the medications without sound medical justification.  The mere denial of Plaintiff's choice of treatment does not give rise to a viable claim for relief under the Eighth Amendment, particularly when doctors prescribed Plaintiff alternative treatments.  Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122-23.

Plaintiff fails to set forth any facts linking the denial of adequate medical care to Defendants Klang, Youssef, and Lewis.  It appears that each of these Defendants simply confirmed the medical determination made by Dr. Johal.  Since this Court does not believe that Dr. Johal's actions rose to the level of a constitutional violation, Defendants Klang, Youssef, and Lewis may not be held liable for Dr. Johal's actions.  Lemire, 726 F.3d at 1074-75 ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cnty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Starr, 652 F.3d at 1205-08.  Moreover, Plaintiff's dissatisfaction with the appeals process and the responses to his appeals does not suffice to demonstrate that Defendants Klang, Youssef, and Lewis knew of and disregarded Plaintiff's serious medical needs.  Peralta, 744 F.3d at 1086-87 (prison official who signed off inmate's second-level appeal after relying on the medical opinions of staff dentists who had already signed off on inmate's treatment plan found not liable under § 1983); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (actions in reviewing inmate appeal do not support viable claim because there is no separate constitutional entitlement to

7

appeals process).

## V. PLAINTIFF'S EX PARTE APPLICATION

On February 1, 2016, Plaintiff filed an ex parte application with the Court inquiring as to the screening status of his complaint with the Court. (ECF NO. 12)  As the Court has now issued its screening order pursuant to 28 U.S.C. section 1915A(a), the Court will dismiss Plaintiff's ex parte application as moot.

## VI. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a cognizable claim against Defendants Johal, Klang, Youssef, Lewis, Lockyer, Ramos, Sheheta, Patel, Katavich, and John Doe(s) 1 through 10 for violation of the Eighth Amendment arising out of their treatment of his chronic pain without opioid medication.  Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at

555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;

2. Plaintiff's ex parte application to the Court (ECF No. 12) inquiring as to the screening status of his complaint is DISMISSED as moot;

3. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed September 28, 2015;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

5. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   March 25, 2016                      /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE