UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON HUTCHINS, JR., <br><br> Plaintiff, <br><br> v. <br><br> BILL LOCKYER, et al., <br><br> Defendants. | **CASE NO. 1:15-cv-01537-MJS (PC)** <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO AMEND;** <br><br> **(2) DIRECTING CLERK OF COURT TO FILE SECOND AMENDED COMPLAINT; AND** <br><br> **(3) REQUIRING PLAINTIFF TO EITHER FILE A THIRD AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS AGAINST DEFENDANT DR. JOHAL** <br><br> **(ECF Nos. 18-19)** <br><br> **THIRTY-DAY DEADLINE** |

Plaintiff Clifton Hutchins, Jr., a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 28, 2015. Plaintiff has consented to Magistrate Judge jurisdiction in this case. (ECF No. 7). No other parties have appeared.

On March 28, 2016, the Court screened and dismissed Plaintiff's complaint and granted leave to amend. (ECF No. 14.) On June 2, 2016, Plaintiff filed a first amended

complaint ("FAC"). (ECF No. 17.) Before it could be screened, however, Plaintiff filed a motion seeking leave to file a second amended complaint ("SAC"). (ECF No. 18.) Plaintiff's proposed second amended complaint is before the Court. (ECF No. 19.)

## I. Motion to Amend

Plaintiff moves to voluntarily withdraw his FAC pursuant to Federal Rule of Civil Procedure 41(a). (ECF No. 18.) Rule 41(a) governs the voluntary dismissal of an action. As Plaintiff seeks not to dismiss the entire action, but rather to supersede his FAC with his SAC, the Court construes Plaintiff's motion as seeking leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served and up to twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff has already filed an amended complaint. Therefore, Plaintiff may not file a second amended complaint without leave of the Court.

Plaintiff's FAC has not yet been screened and no Defendants have appeared in the action. Accordingly, leave to amend is appropriate. The Court will therefore grant Plaintiff's request for leave to amend and direct the Clerk of Court to file Plaintiff's SAC. The Court's screening of Plaintiff's SAC follows.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## IV. Plaintiff's Allegations

Plaintiff, who is currently incarcerated at the Correctional Training Facility in Soledad, California, complains of acts that occurred at Wasco State Prison ("WSP") in Wasco, California. Plaintiff brings this action against several Defendants, all employees of WSP: Drs. A. Johal, A. Klang, and A. Youssef; Nurse Does 1 and 2, and Does 3-6. Plaintiff alleges that Defendants denied him adequate medical care in violation of the Eighth Amendment of the Constitution.

Plaintiff's allegations may be summarized as follows:

Plaintiff has constant pain from arthritis and joint disease in his knee and shoulder. He was prescribed 30 mg of morphine to manage this pain.

On August 16, 2014, Plaintiff submitted a CDCR 7362 request ("7362") for a medication refill for morphine and discontinuation of Ibuprofen because it caused stomach pain, nausea, and dizziness. Plaintiff was supposed to receive a response within 72 hours of submitting his request; he feels Nurse Doe 1 should have responded within that time. She did not. Therefore, on August 21, 2014, Plaintiff submitted a second 7362 repeating the first 7362 and clarifying the nature of his ailments. Again, Plaintiff believes Nurse Doe 1 should have responded, but she did not. He believes that failure to respond was designed to retaliate against Plaintiff's for filing earlier complaints about denial of pain medication and doctor visits. As a result of the foregoing, Plaintiff suffered unnecessary pain during the period from September 8, when his pain medication ran out, to September 12, 2014.

Plaintiff had a "medical priority ducat" to see the doctor on September 8, 2014. He was not called to see the doctor that day. Accordingly, on September 9, 2014 he submitted another 7362. Plaintiff does not state to whom he submitted this form. He states that he "made medical staff aware" that he was never called to see the doctor for his appointment. Nurse Doe 2 deliberately failed to notify the doctor to refill Plaintiff's medication and/or set another appointment for Plaintiff to see the doctor.

Plaintiff eventually saw Dr. Johal on September 12, 2014, after he had gone four days without morphine. At the appointment, Dr. Johal told Plaintiff that she would reduce Plaintiff's morphine prescription from 30 mg to 15 mg and thereafter discontinue it. When asked why, she said that Plaintiff "complained too much." Dr. Johal's treatment plan ran counter to CDCR guidelines, as Dr. Johal was required to gradually taper Plaintiff off of morphine over time until the drug was "no longer needed." Plaintiff states that Drs. Johal, Klang, and Youssef, along with Does 3-6, were all members of the pain management committee who jointly agreed to discontinue Plaintiff's morphine prescription without conducting a "medical assessment" of Plaintiff.

4

On September 30, 2014, Nurse Doe 2 failed to send Plaintiff's morphine to the medication dispensary window. Plaintiff believes this was in retaliation for Plaintiff's numerous 7362s.

On or about October 7, 2014, Defendant Dr. Johal cut off Plaintiff's morphine entirely, leaving Plaintiff with "no pain medication." Soon thereafter, Plaintiff submitted several 7362s complaining that medications such as Naproxen, Meloxicam, Ibuprofen, or acetaminophen with codeine did not help his pain and instead caused nausea and dizziness. When Plaintiff discussed these issues with Dr. Johal, she told him to "quit[] complaining" to her supervisor.

Plaintiff filed an inmate appeal ("602") requesting the reinstatement of his morphine prescription and requesting physical therapy, a knee brace, and a pain assessment appointment. Plaintiff complained that he was never "medically evaluated" before his morphine prescription was terminated.

At the first level of review, Dr. Klang partially granted Plaintiff's appeal; he granted physical therapy, a knee brace, and a pain assessment appointment, but denied the request for opioid medications. Plaintiff then submitted an appeal to the second level, again requesting the reinstatement of opioid medications. At this level, Dr. Klang and Dr. Youssef denied Plaintiff's, stating that Plaintiff's healthcare records revealed "no objective evidence of severe disease."

Plaintiff's request for opioids was again denied at the Director's Level. Plaintiff states he has not received the physical therapy, knee brace, and pain assessment he was granted pursuant the first level of review.

Plaintiff has continuously suffered from extreme pain as a result of Defendants' failure to provide appropriate, adequate medical care, namely opioid medications.

## V. Discussion

### A. Eighth Amendment Medical Indifference

#### 1. Legal Standard

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must

show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff states he suffers from chronic pain due to arthritis and joint disease. This is sufficient to allege an objectively serious medical need. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (existence of chronic or substantial pain indicates a serious medical need) (citation omitted).

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk to his health from Defendants' acts or omissions was obvious or that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

**2.   Analysis**

Plaintiff's SAC uses the words "pain medication" interchangeably with "opioids"

6

and "morphine," leaving it unclear at times as to whether he is alleging denial of all medication or just denial of opioids. The Court will proceed on the assumption that Plaintiff's complaints about not receiving pain medication relate only to denial of opioids. If this assumption is incorrect and Plaintiff chooses to amend, he must distinguish between "pain medication" and "opioids."

### a.    Nurse Does

Plaintiff alleges that he suffered four days of unnecessary pain between September 8 and 14 because Nurse Doe 1 failed to respond to his August 16, 2014 health care request. There is no allegation, however, that this Defendant was aware of his request, was responsible for responding to the request, and/or was aware that her failure to respond would render Plaintiff without medication during a four day period several weeks later. On the facts alleged, Plaintiff fails to state an Eighth Amendment medical indifference claim against Defendant Nurse Doe 1.

Plaintiff alleges that Nurse Doe 2 failed to notify the doctor to refill Plaintiff's morphine prescription and/or schedule an appointment for Plaintiff to see a doctor after Plaintiff missed his doctor's appointment. As with Plaintiff's allegations against Defendant Nurse Doe 1, Plaintiff's claims against Defendant Nurse Doe 2 are conclusory, do not show Doe 2 knew of Plaintiff's requests, had power to do anything about them, or knew or should have known that a failure to act on them would cause Plaintiff pain. No cognizable claim is stated against Doe 2.

### b.    Dr. Johal

Plaintiff alleges that Dr. Johal told him she would reduce and then discontinue Plaintiff's morphine medication because she believed he was a drug addict.

Although Plaintiff may have been unhappy with the discontinuation of his morphine, a mere disagreement with a treatment plan does not suffice to support a claim under section 1983. Jackson v. MacIntosh, 90 F.3d 330, 332 (9th Cir. 1996). For a prisoner to prevail on a claim involving choices between alternative courses of treatment, he must show that the chosen course of treatment was "medically unacceptable under

the circumstances" and was chosen "in conscious disregard of an excessive risk to the prisoner's health." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (citing Jackson, 90 F.3d at 332.) Plaintiff has not presented such facts here. Further, Plaintiff provides no support for his conclusory claim that Dr. Johal was required to continue Plaintiff's morphine until it was "no longer needed." Plaintiff's Eighth Amendment claim against Dr. Johal for her failure to prescribe morphine or other opioids will be dismissed with leave to amend.

Plaintiff further claims that Dr. Johal continued to prescribe him alternative pain medications despite Plaintiff's complaints that these medications caused him nausea and dizziness and did not alleviate his pain. Taking these allegations as true, Plaintiff has pled a cognizable Eight Amendment claim against Dr. Johal for her continued prescription of medications knowing that they worsened Plaintiff's condition rather than helped it.

### c.   Drs. Youssef and Klang

Plaintiff accuses Drs. Youssef and Klang of improperly denying Plaintiff's requests for opioids at the appeals level.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation, George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), and a plaintiff does not a have protected liberty interest in the processing of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett, 439 F.3d at 1098 (9th Cir. 2006). Accordingly, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  Those circumstances have not been presented here.

It appears that Drs. Youssef and Klang simply affirmed the decision of Dr. Johal to discontinue Plaintiff's morphine and continue prescribing Plaintiff acetaminophen with codeine and other medications. Plaintiff's Eighth Amendment claims against Drs. Youssef and Klang will be dismissed. Mere disagreement with a treatment plan is not sufficient to

allege a constitutional violation, Jackson, 90 F.3d at 332, and it is not clear from Plaintiff's complaint that Drs. Youssef and Klang actually knew that the alternative medications were ineffective for Plaintiff's pain; indeed, it does not appear that Plaintiff ever complained about the effectiveness of those medications in his appeals.

Plaintiff will be granted leave to amend these claims.

### d.   Members of the Pain Management Committee

Plaintiff claims that Drs. Johal, Klang, and Youssef, together with Does 3-6, were all members of the pain management committee that chose to discontinue Plaintiff's morphine "without conducting a medical assessment." Plaintiff's argument is unavailing; it appears the pain management committee reasonably relied on the assessment of Plaintiff's primary doctor in issuing its directive to taper and discontinue Plaintiff's morphine. As stated above, mere difference in medical opinion is insufficient to state a claim for medical indifference. Plaintiff's Eighth Amendment claims against all of these Defendants for choosing to discontinue Plaintiff's morphine will be dismissed with leave to amend.

### B.   First Amendment Retaliation

While Plaintiff does not explicitly say so, he appears to make a First Amendment retaliation claim against Nurse Does 1 and 2 and Dr. Johal.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

9

The second element focuses on causation and motive. See Brodheim, 584 F.3d at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a complaint is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

Plaintiff states that Nurse Does 1 and 2 deliberately failed to respond to Plaintiff's August and September 2014 7362s in retaliation for Plaintiff's verbal and written complaints about his pain medication and lack of access to the prison doctor. Plaintiff also claims that Nurse Doe 2 failed to supply Plaintiff's medication on September 30, 2014 for the same reasons. Plaintiff must show that his protected conduct, i.e. complaining about his pain medication or inability to see a doctor, was a "substantial or motivating factor" behind the Nurse Does' adverse actions. This nexus may be shown through circumstantial or direct evidence. At this juncture, Plaintiff has provided nothing more than pure speculation as to the Nurse Does' motives. Plaintiff has not stated a cognizable retaliation claim against Nurse Does 1 and 2, but he will be granted leave to amend.

As to Dr. Johal, Plaintiff states that when he asked Dr. Johal why she was discontinuing his morphine medication, she replied that he "complained too much" and in response to another request for morphine, she told him to stop complaining to her supervisor. At this juncture, Plaintiff has sufficiently alleged a First Amendment retaliation claim against Defendant Dr. Johal.

### C. Unrelated Claims

Plaintiff states he did not receive the pain assessment appointment, physical therapy, and knee brace he was granted as a result of his first level appeal.

These claims appear to be unrelated to Plaintiff's allegations regarding his pain medication and therefore belong in a separate suit. Fed. R. Civ. P. 20(a)(2) (joined claims must arise out of the same "transaction, occurrence, or series of transactions or occurrences" and there is a "question of law or fact common to all defendants."); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997); Desert Empire Bank v. Ins. Co. of North America, 623 F.2d 1371, 1375 (9th Cir.1980).

## VI. Conclusion

Plaintiff's SAC states a cognizable Eighth Amendment medical indifference claim against Defendant Dr. Johal for knowingly prescribing Plaintiff medication that did not help his pain. Plaintiff also states a cognizable claim against Dr. Johal for retaliation in violation of the First Amendment. He fails to make any other cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

11

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The Court then will then dismiss the other claims and provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 18) is GRANTED;
2. The Clerk of Court is directed to file ECF No. 19, lodged June 29, 2016, as Plaintiff's "Second Amended Complaint."
3. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed June 29, 2016;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff must either file an amended complaint curing the deficiencies identified by the Court in this order or a notice stating he is willing to proceed only on the claims found to be cognizable;
5. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:   October 17, 2016              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

12