UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON HUTCHINS, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>BILL LOCKYER, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01537-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS**<br><br>**(ECF No. 30)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE**<br><br>**CLERK OF COURT TO ASSIGN DISTRICT JUDGE** |

**I.    Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 7.) Defendant's decision whether to consent or decline is still pending.

On October 17, 2016, the Court screened Plaintiff's second amended complaint and found that it stated cognizable claims against Defendant Dr. Johal only. (ECF No. 20.) Dr. Johal waived service (ECF No. 29) and filed the instant motion to dismiss on the grounds that Plaintiff failed to state cognizable a claim and that even if he otherwise had, Defendant is entitled to qualified immunity. (ECF No. 30.) Plaintiff filed an

opposition. (ECF No. 31.) Defendant filed a reply. (ECF No. 32.) The matter is submitted. Local Rule 230(*l*).

## II. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

This is the same legal standard applied by the Court in screening a pro se plaintiff's complaint. Indeed, it is the very standard the Court applied in evaluating Plaintiff's complaint, and which led to the Court's conclusion that the complaint stated cognizable claims against Dr. Johal. That is, the Court found that Plaintiff alleged claims, when accepted as true for pleading purposes, would survive a Rule 12(b)(6) motion. Nevertheless, Defendant argues that the very pleading which this Court found stated a cognizable claim does not state a cognizable claim and should be dismissed pursuant to Rule 12(b)(6), or, in the alternative, be dismissed on the basis of qualified immunity.

Defendant argues that the screening order has no bearing on the Court's obligation to reach the merits of the motion to dismiss. Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (providing that 1915A's "screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"); Lucas v. Jovanovich, No. CV 15-76-H-DLC-JTJ, 2016 WL 3267332, at *2-3 (D. Mont. June 10, 2016) (footnote omitted). This is because a contrary view "would deprive Defendants of the basic procedural right to challenge the sufficiency of the pleadings." James v. Perez, No. 2:08–CV–01857–RRC, 2012 WL 5387676, at *2 (E.D. Cal. Nov. 1, 2012) (Ninth Circuit Judge Richard C. Clifton sitting by designation).

The Court agrees. Although motions to dismiss that follow screening orders frequently require the Court to repeat – often verbatim – analysis set forth in the screening order, Defendants nonetheless have a procedural right to bring such a motion and to have their arguments considered by a District Judge. Accordingly, the Court will evaluate the motion on the merits under the standards applicable under Rule 12(b)(6).

### III. Plaintiff's Allegations

Plaintiff's allegations may be summarized as follows:

Plaintiff suffers from constant pain caused by arthritis and joint disease in his knee and shoulder. He previously had a prescription for 30 mg of morphine to manage his pain, but after his morphine prescription ran out on September 12, 2014, Dr. Johal informed Plaintiff that she was going to taper his dosage down to 15 mg and then discontinue it entirely. When Plaintiff asked why, Dr. Johal said that Plaintiff "complained too much." On October 7, 2014, Dr. Johal terminated Plaintiff's morphine and prescribed alternative medications, namely Naproxen, Meloxicam, ibuprofen, and acetaminophen with codeine. Plaintiff complained to Dr. Johal that these other medications did not help his pain and instead caused nausea and dizziness. Dr. Johal told Plaintiff to "quit[] complaining" to her supervisor. Plaintiff was never medically evaluated before his morphine was terminated.

The Court found Plaintiff stated cognizable claims for medical indifference under the Eighth Amendment and for First Amendment retaliation.

## IV. Legal Standards

### A. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim, 584 F.3d at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a complaint is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

**B.     Medical Indifference**

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

**C.     Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Mattos v. Agarano, 661 F.3d 433, 440 (9th Cir. 2011) (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009) (additional citation omitted)). "Qualified immunity shields an officer from liability even if his or her action resulted from a mistake of law, a mistake of fact, or a

mistake based on mixed questions of law and fact." Id. (citation and quotation marks omitted). "The purpose of qualified immunity is to strike a balance between the competing need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id. (citation and quotation marks omitted).

In determining whether an official is entitled to qualified immunity, courts employ a two-pronged inquiry. The Court has discretion to address the two-step inquiry in the order it deems most suitable under the circumstances. Pearson, 555 U.S. at 236 (overruling holding in Saucier v. Katz, 533 U.S. 194 (2001), that the two-step inquiry must be conducted in that order, and the second step is reached only if the court finds a constitutional violation.) The first prong asks whether the state actor violated the plaintiff's constitutional right; if the answer to that question is "yes," courts must then determine whether the constitutional right was "clearly established in light of the specific context of the case" at the time of the events in question. Id. (citing Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009) and Saucier, 533 U.S. at 201).

"For the second step in the qualified immunity analysis—whether the constitutional right was clearly established at the time of the conduct—the critical question is whether the contours of the right were 'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Mattos, 661 F.3d at 442 (quoting Ashcroft v. al–Kidd, 563 U.S. 731 (2011) (some internal marks omitted)). "The plaintiff bears the burden to show that the contours of the right were clearly established." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011). "[W]hether the law was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition" Estate of Ford, 301 F.3d at 1050 (citation and internal marks omitted). In making this determination, courts consider the state of the law at the time of the alleged violation and the information possessed by the official to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was

illegal. Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); Hope v. Pelzer, 536 U.S. 730, 741 (2002) (the "salient question" to the qualified immunity analysis is whether the state of the law at the time gave "fair warning" to the officials that their conduct was unconstitutional). "[W]here there is no case directly on point, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" C.B. v. City of Sonora, 769 F.3d 1005, 1026 (9th Cir. 2014) (citing al–Kidd, 563 U.S. at 740). An official's subjective beliefs are irrelevant. Inouye, 504 F.3d at 712.

## V.    Discussion

The Court concluded that Plaintiff had stated a cognizable Eighth Amendment claim by alleging Dr. Johal continued to prescribe pain medications which she knew worsened Plaintiff's condition (by causing nausea and dizziness) and did not alleviate his pain. In alleging Defendant said she did so because Plaintiff "complained too much" and that she responded to a further request for other medication by telling Plaintiff to stop complaining to her supervisor, the Court also found that Plaintiff sufficiently alleged a First Amendment retaliation claim.

### A.    Retaliation

Defendant argues, first, that Dr. Johal's decision to terminate Plaintiff's morphine did not constitute an adverse action, since, as Plaintiff alleges in his complaint, Dr. Johal discontinued Plaintiff's morphine because Plaintiff was "an addict." (Compl. (ECF No. 21) ¶ 12.)  Plaintiff does not plead that he was an addict.  He said that Dr. Johal accused him of being one. Whether or not Plaintiff was addicted to his medication and was in medical need of being weaned from it is not an issue that can be resolved at the pleading stage.

Moreover, the crucial issues here are not whether morphine should have been discontinued, but whether Defendant ignored Plaintiff's claims that the replacement medication was ineffective and produced adverse side effects,  and whether she did so to retaliate against Plaintiff for complaining.

Next, Defendant argues that Dr. Johal's decision to reduce and then terminate

1  the morphine predated any protected conduct by Plaintiff. Dr. Johal discontinued
2  Plaintiff's morphine on October 7, 2014, but Plaintiff's request for an interview with Dr.
3  Johal's supervisor was not submitted until October 9, 2014, and the formal grievance
4  was not filed until sometime after that. (Compl. ¶¶ 19-20.) This argument misses the
5  mark. Plaintiff alleges that Dr. Johal expressed her intent to reduce and terminate
6  Plaintiff's morphine on September 12, 2014 because Plaintiff "complained too much." At
7  the pleading stage, Plaintiff's allegations are sufficient to require Defendant to answer.
8  See Wilhelm v. Rotman, 680 F.3d 1113, 1116 (9th Cir. 2012). In any case, Plaintiff
9  alleges that Dr. Johal's second refusal of morphine was made on October 13, 2014,
10 after Plaintiff's formal grievance was filed. (Compl. ¶ 21.)

Defendant next argues that Dr. Johal's decision to terminate morphine did not chill Plaintiff's willingness to pursue his rights since Plaintiff did in fact file a grievance after the morphine was terminated. The fact that a Plaintiff was not actually discouraged from filing a complaint is insufficient to defeat a retaliation claim, since "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

Finally, Defendant argues that Dr. Johal terminated Plaintiff's morphine to advance a legitimate penological goal, to wit, stemming narcotic addiction among prisoners. Aside from the fact such a claim cannot be resolved on the pleadings alone, a prison doctor cannot deny medication based on a blanket policy unrelated to Plaintiff's particular medical needs.

For the foregoing reasons, the Court will recommend denying Defendant's motion to dismiss Plaintiff's retaliation claim.

### B. Medical Indifference

Defendant argues that differences in opinion over treatment options are insufficient to allege deliberate indifference. Jackson v. MacIntosh, 90 F.3d 330, 332 (9th Cir. 1996). The Court did not find Plaintiff's Eighth Amendment claim cognizable because of Dr. Johal's failure to prescribe morphine, but rather because she allegedly denied him relief knowing that the medication she prescribed caused him nausea and dizziness and did not alleviate his pain. (Compl. ¶ 21.) The Court will recommend denying Defendant's motion to dismiss Plaintiff's Eighth Amendment claim.

### C. Qualified Immunity

Defendant argues Dr. Johal is entitled to qualified immunity because a doctor faced with an opioid-addicted patient would reasonably believe it was lawful to discontinue that patient's morphine. Defendant further argues that it was reasonable to prescribe Plaintiff non-opioid medications instead of morphine, even when those medications caused discomfort. The only support Defendant provides for this assertion is Plaintiff's allegation that a separate doctor also recommended Plaintiff take Tylenol with codeine. (Compl. Ex. A.)

This argument seems to presume that the right to have morphine is what is at issue. That is incorrect – the rights alleged to have been violated are the right to be free from having the prison physician disregard a prisoner's complaints and subject him to unnecessary pain and to do both in retaliation for the prisoner exercising First Amendment rights. Plaintiff's allegations are sufficient to allege a violation of such rights. There are insufficient facts from which the Court can determine that Dr. Johal's actions were reasonable under clearly established law. Defendant is not entitled to qualified immunity.

## V. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss (ECF No. 30) be DENIED.

The findings and recommendation will be submitted to a United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   August 22, 2017        /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE