UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CLIFTON HUTCHINS, JR., | Case No. 1:15-cv-01537-DAD-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER REINSTATING DISMISSED CLAIMS** |
| v. | **AND** |
| BILL LOCKYER, et al., | **FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS** |
| Defendant. | **(ECF NOS. 20; 26)** |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 7.) Defendant Johal appeared in this action and declined to consent to Magistrate Judge jurisdiction. (ECF No. 35.) Defendants Klang, Yousseff, Nurse Does 1-2, and Does 3-6 have not yet appeared in this action.

On December 19, 2016, the Court screened and dismissed all claims against Defendants Klang, Yousseff, Nurse Does 1-2, and Does 3-6 in Plaintiff's second

amended complaint with prejudice.[1] (ECF No 26.) Plaintiff declined to pursue claims against Defendants Lockyer, Lewis, Ramos, Sheheta, Patel, Katavich, and Does 7-10 in the second amended complaint after his original complaint and first amended complaint were dismissed with leave to amend. (ECF Nos. 14; 20.)

This case has proceeded on Plaintiff's claim against Defendant Johal. (ECF Nos. 21; 26.) Defendant Johal filed a motion to dismiss on March 10, 2017. (ECF No. 30.) On August 22, 2017, the undersigned issued findings and recommendations to deny the motion to dismiss. (ECF No. 34.) Those findings and recommendations are currently pending before the District Judge.

## I.  Vacate Dismissal

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]" Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, --- F.3d ----, No. 15-15259, 2017 WL 5180205 (9th Cir. Nov. 9, 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a case with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants Klang, Yousseff, Nurse Does 1-2, and Does 3-6 were never served and never appeared in this action. Therefore, they have not consented to Magistrate Judge jurisdiction. Because these Defendants have not consented and the

---

[1] Specifically, in the Court's second screening Order issued on October 17, 2016 (ECF No. 20), the Court explained that Plaintiff's claims in the second amended complaint against Defendants Klang, Yousseff, Nurse Does 1-2, and Does 3-6 were not cognizable and required Plaintiff to either file a third amended complaint or notify Court of willingness to proceed only on cognizable claims against Defendant Johal. On December 15 and 16, 2016, Plaintiff filed two notices of willingness to proceed on his cognizable claims. (ECF Nos. 24; 25.) Thereafter, the Court dismissed Plaintiff's claims against Defendants Klang, Yousseff, Nurse Does 1-2, and Does 3-6. (ECF No. 26.)

2

undersigned dismissed Plaintiff's claims against them with prejudice, the dismissal is invalid under <u>Williams</u>. The claims against them therefore are reinstated. However, for the reasons below, the undersigned will recommend to the District Judge that they be dismissed,

**II.    Findings and Recommendations on Second Amended Complaint**

    **A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    **B.    Pleading Standard**

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir.

2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### C. Plaintiff's Allegations

Plaintiff, who is currently incarcerated at the Correctional Training Facility in Soledad, California, complains of acts that occurred at Wasco State Prison ("WSP") in Wasco, California. Plaintiff brings this action against several Defendants, all employees of WSP: Drs. A. Johal, A. Klang, and A. Youssef; Nurse Does 1 and 2, and Does 3-6. Plaintiff alleges that Defendants denied him adequate medical care in violation of the Eighth Amendment of the Constitution.

Plaintiff's allegations may be summarized as follows:

Plaintiff has constant pain from arthritis and joint disease in his knee and shoulder. He was prescribed 30 mg of morphine to manage this pain.

On August 16, 2014, Plaintiff submitted a CDCR 7362 Form ("7362") requesting a medication refill for his morphine before he ran out and asking to be taken off of Ibuprofen because it was causing him stomach pain, nausea, and dizziness. Though Plaintiff was supposed to receive a response within 72 hours of submitting his request, he did not hear from Nurse Doe 1 in that time period. Therefore, on August 21, 2014, Plaintiff submitted a second 7362 repeating the requests from the first 7362 and also clarifying the nature of his ailments. Nurse Doe 1 deliberately failed to respond to both 7362s because Plaintiff had previously submitted verbal and written complaints about not receiving pain medication or seeing a doctor. As a result, Plaintiff suffered unnecessary pain between September 8, when his pain medication ran out, and September 12, 2014.

Plaintiff had a "medical priority ducat" to see the doctor on September 8, 2014. He

was not called to see the doctor that day. Accordingly, on September 9, 2014 he submitted another 7362. Plaintiff does not state to whom he submitted this form. He states that he "made medical staff aware" that he was never called to see the doctor for his appointment. Nurse Doe 2 deliberately failed to notify the doctor to refill Plaintiff's medication and/or set another appointment for Plaintiff to see the doctor.

Plaintiff eventually saw Defendant Johal on September 12, 2014, after he had gone four days without morphine. At the appointment, Defendant Johal told Plaintiff that she would reduce Plaintiff's morphine prescription from 30 mg to 15 mg and thereafter discontinue it. When asked why, she said that Plaintiff "complained too much." Defendant Johal's treatment plan ran counter to CDCR guidelines, as Defendant Johal was required to gradually taper Plaintiff off of morphine over time until the drug was "no longer needed." Plaintiff states that Defendants Johal, Klang, and Youssef, along with Does 3-6, were all members of the pain management committee who jointly agreed to discontinue Plaintiff's morphine prescription without conducting a "medical assessment" of Plaintiff.

On September 30, 2014, Nurse Doe 2 failed to send Plaintiff's morphine to the medication dispensary window. Plaintiff believes this was in retaliation for Plaintiff's numerous 7362s.

On or about October 7, 2014, Defendant Johal cut off Plaintiff's morphine entirely, leaving Plaintiff with "no pain medication." Soon thereafter, Plaintiff submitted several 7362s complaining that medications such as Naproxen, Meloxicam, Ibuprofen, or acetaminophen with codeine did not help his pain and instead caused nausea and dizziness. When Plaintiff discussed these issues with Defendant Johal, she told him to "quit[] complaining" to her supervisor.

Plaintiff filed an inmate appeal ("602") requesting the reinstatement of his morphine prescription and requesting physical therapy, a knee brace, and a pain assessment appointment. Plaintiff complained that he was never "medically evaluated" before his morphine prescription was terminated.

At the first level of review, Defendant Klang partially granted Plaintiff's appeal; he

5

granted physical therapy, a knee brace, and a pain assessment appointment, but denied the request for opioid medications. Plaintiff then submitted an appeal to the second level, again requesting the reinstatement of opioid medications. At this level, Defendant Klang and Defendant Youssef denied Plaintiff's, stating that Plaintiff's healthcare records revealed "no objective evidence of severe disease."

Plaintiff's request for opioids was again denied at the Director's Level. Plaintiff states he has not received the physical therapy, knee brace, and pain assessment he was granted pursuant the first level of review.

Plaintiff has continuously suffered from extreme pain as a result of Defendants' failure to provide appropriate, adequate medical care, namely opioid medications.

### D. Discussion

#### 1. Eighth Amendment Medical Indifference

##### a. Legal Standard

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff states he suffers from chronic pain due to arthritis and joint disease. This is sufficient to allege an objectively serious medical need. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (existence of chronic or substantial pain indicates a serious

medical need) (citation omitted).

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk to his health from Defendants' acts or omissions was obvious or that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### b. Analysis

Plaintiff's SAC uses the words "pain medication" interchangeably with "opioids" and "morphine," leaving it unclear at times as to whether he is alleging denial of all medication or just denial of opioids. The Court will proceed on the assumption that when Plaintiff says he received no pain medication, he means that he did not receive opioids. If Plaintiff chooses to amend, he must distinguish between "pain medication" and "opioids."

#### i. Nurse Does

Plaintiff alleges that he suffered four days of unnecessary pain between September 8 and 14 because Nurse Doe 1 failed to respond to his August 16, 2014 health care request. There is no allegation, however, that this Defendant was aware of this request, was responsible for responding to the request, and/or was aware that her failure to respond would render Plaintiff without medication several weeks later. On the facts alleged, Plaintiff fails to state an Eighth Amendment medical indifference claim against Defendant Nurse Doe 1.

Plaintiff alleges that Nurse Doe 2 failed to notify the doctor to refill Plaintiff's morphine prescription and/or schedule an appointment for Plaintiff to see a doctor after

Plaintiff missed his doctor's appointment. As with Plaintiff's allegations against Defendant Nurse Doe 1, Plaintiff's claims against Defendant Nurse Doe 2 are conclusory, do not show Doe 2 knew of Plaintiff's requests, had power to do anything about them, or knew or should have known that a failure to act on them would cause Plaintiff pain. No cognizable claim is stated against Doe 2.

Accordingly, these claims should be dismissed.

### ii. Defendant Johal

Plaintiff alleges that Defendant Johal told him she would reduce and then discontinue Plaintiff's morphine medication because she believed he was a drug addict.

Although Plaintiff may have been unhappy with the discontinuation of his morphine, a mere disagreement with a treatment plan does not suffice to support a claim under section 1983. Jackson v. MacIntosh, 90 F.3d 330, 332 (9th Cir. 1996). For a prisoner to prevail on a claim involving choices between alternative courses of treatment, he must show that the chosen course of treatment was "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to the prisoner's health." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (citing Jackson, 90 F.3d at 332.) Plaintiff has not presented such facts here. Further, Plaintiff provides no support for his conclusory claim that Defendant Johal was required to continue Plaintiff's morphine until it was "no longer needed." Plaintiff's Eighth Amendment claim against Defendant Johal for her failure to prescribe morphine or other opioids should be dismissed.[2]

### iii. Drs. Youssef and Klang

Plaintiff accuses Drs. Youssef and Klang of improperly denying Plaintiff's requests

---

[2] Plaintiff further claimed that Defendant Johal continued to prescribe him alternative pain medications despite Plaintiff's complaints that these medications caused him nausea and dizziness and did not alleviate his pain. Taking these allegations as true, Plaintiff pled a cognizable Eight Amendment claim against Defendant Johal for her continued prescription of medications knowing that they worsened Plaintiff's condition rather than helped it. This is one of the claims that Plaintiff is currently proceeding on, and, for which, this Court has recommended denial of Defendant Johal's motion to dismiss. (See ECF No. 34.)

8

for opioids at the appeals level.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation, George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), and a plaintiff does not a have protected liberty interest in the processing of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett, 439 F.3d at 1098 (9th Cir. 2006). Accordingly, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. Those circumstances have not been presented here.

It appears that Drs. Youssef and Klang simply affirmed the decision of Defendant Johal to discontinue Plaintiff's morphine and continue prescribing Plaintiff acetaminophen with codeine and other medications. Plaintiff's Eighth Amendment claims against Drs. Youssef and Klang will be dismissed. Mere disagreement with a treatment plan is not sufficient to allege a constitutional violation, Jackson, 90 F.3d at 332, and it is not clear from Plaintiff's complaint that Drs. Youssef and Klang actually knew that the alternative medications were ineffective for Plaintiff's pain; indeed, it does not appear that Plaintiff ever complained about the effectiveness of those medications in his appeals.

Accordingly, these claims should be dismissed.

### iv. Members of the Pain Management Committee

Plaintiff claims that Defendants Johal, Klang, and Youssef, together with Does 3-6, were all members of the pain management committee that chose to discontinue Plaintiff's morphine "without conducting a medical assessment." Plaintiff's argument is unavailing; it appears the pain management committee simply relied on the assessment of Plaintiff's primary doctor in issuing its directive to taper and discontinue Plaintiff's morphine. As stated above, mere difference in medical opinion is insufficient to state a claim for medical indifference. Plaintiff's Eighth Amendment claims against all of these Defendants for choosing to discontinue Plaintiff's morphine should be dismissed.

////

## 2. First Amendment Retaliation

While Plaintiff does not explicitly say so, he appears to make a First Amendment retaliation claim against Nurse Does 1 and 2.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim, 584 F.3d at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a complaint is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

Plaintiff states that Nurse Does 1 and 2 deliberately failed to respond to Plaintiff's August and September 2014 7362s in retaliation for Plaintiff's verbal and written

complaints about his pain medication and lack of access to the prison doctor. Plaintiff also claims that Nurse Doe 2 failed to supply Plaintiff's medication on September 30, 2014 for the same reasons. Plaintiff must show that his protected conduct, i.e. complaining about his pain medication or inability to see a doctor, was a "substantial or motivating factor" behind the Nurse Does' adverse actions. This nexus may be shown through circumstantial or direct evidence. At this juncture, Plaintiff has provided nothing more than pure speculation as to the Nurse Does' motives. Plaintiff has not stated a cognizable retaliation claim against Nurse Does 1 and 2, and, accordingly, the claims should be dismissed.[3]

### 3. Unrelated Claims

Plaintiff states he did not receive the pain assessment appointment, physical therapy, and knee brace he was granted as a result of his first level appeal.

These claims appear to be unrelated to Plaintiff's allegations regarding his pain medication and therefore belong in a separate suit. Fed. R. Civ. P. 20(a)(2) (joined claims must arise out of the same "transaction, occurrence, or series of transactions or occurrences" and there is a "question of law or fact common to all defendants."); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997); Desert Empire Bank v. Ins. Co. of North America, 623 F.2d 1371, 1375 (9th Cir.1980).

Accordingly, these claims should be dismissed.

## III. Conclusion

For the foregoing reasons, the claims dismissed in the Court's screening order (ECF No. 26) are reinstated.

Further, IT IS HEREBY RECOMMENDED that

(1) Plaintiff's claims against Defendants Klang, Yousseff, Nurse Does 1-2, and Does 3-6 be DISMISSED;

---

[3] The Court found a cognizable retaliation claim against Defendant Johal (ECF No. 20), which is the second claim on which Plaintiff is currently proceeding, and, for which, the Court has recommended denial of Defendant Johal's motion to dismiss. (See ECF No. 34.)

11

(2) Plaintiff's first claim against Defendant Johal for medical indifference be DISMISSED (see supra at 8 & n. 2); and

(3) This action proceed on the Plaintiff's second medical indifference claim (see supra at n. 2) and retaliation claim against Defendant Johal in the second amended complaint as found in the Court's two previous screening Orders (ECF Nos. 20; 26.).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: November 21, 2017      /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE