UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON HUTCHINS, JR., <br><br> Plaintiff, <br><br> v. <br><br> BILL LOCKYER, *et al.*, <br><br> Defendants. | Case No. 1:15-cv-01537-DAD-JDP <br><br> FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT JOHAL'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES <br><br> OBJECTIONS DUE IN 14 DAYS <br><br> ECF No. 41 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff has stated a First Amendment retaliation claim and an Eighth Amendment medical indifference claim against defendant Johal. ECF Nos. 19, 20, 34. Plaintiff alleges that defendant Johal continued to prescribe pain medicine that she knew worsened plaintiff's condition without alleviating his pain.

Defendant Johal's motion for summary judgment, ECF No. 41, is now before the court. Defendant Johal contends that plaintiff failed to exhaust administrative remedies prior to filing this action as required by 42 U.S.C. § 1997e. We recommend that the court grant summary judgment on plaintiff's retaliation claim and deny summary judgment on plaintiff's medical deliberate indifference claim.

## I. STATEMENT OF FACTS

### A. Allegations in the Complaint

Plaintiff alleges that he was prescribed morphine to treat his pain—from surgery and rheumatoid arthritis—from January through early October 2014. ECF No. 19 at 3. On August 16, 2014, plaintiff submitted the first of multiple requests (1) for a morphine refill to treat his pain and (2) to be taken off ibuprofen because it caused severe stomach pain, nausea, and dizziness. *Id.* at 4. Defendant Johal examined plaintiff on September 12, 2014. *Id.* at 5. Defendant Johal reduced the dosage of plaintiff's morphine pain medicine on that visit. *Id.* From October 7 to October 13, 2014, defendant Johal discontinued plaintiff's pain medicine with the knowledge that plaintiff would be in "excruciating shoulder and knee pain." *Id.* at 6. Because defendant Johal reduced plaintiff's morphine dose to nothing over the course of a brief period, rather than tapering it off over a longer period, plaintiff suffered withdrawal symptoms and increased pain from his underlying rheumatoid arthritis condition. *Id.* at 6-7.

Plaintiff had a second surgery on October 8, 2014, causing additional pain. *Id.* at 7. When plaintiff was not given pain medicine after the surgery, he asked to see a doctor so that he could request pain medicine. *Id.* On October 13, 2014, defendant Johal saw plaintiff. *Id.* Plaintiff told defendant Johal about his withdrawal symptoms. *Id.* Defendant Johal responded that she would prescribe ibuprofen and acetaminophen with codeine. *Id.* Plaintiff said that "she knew those medications . . . [had] caused [plaintiff] abdominal pain, nausea, and dizziness" when he took them the previous month. *Id.* "Defendant told plaintiff to quit complaining to her supervisor [and] order[ed] him to leave her office." *Id.*

### B. Administrative Process

In January 2015, plaintiff filed a patient-inmate health care appeal. *See* ECF No. 51 at 3 (stating that the appeal was filed January 2, 2015); ECF No. 41-2 at 27 (stating that the appeal was submitted on January 19, 2015). Plaintiff's initial form asserted that he was "not getting any pain medication after [the October 8, 2014] surgery" and was in "severe pain in [his] right shoulder" from an earlier surgery. ECF No. 51 at 6. Plaintiff states that he "talked to Dr. Johal about these issues on several occasions to no avail," and that "Dr. Johal still refuses to prescribe

the proper medication needed for [his] pain." *Id.* at 6, 11. Plaintiff further alleges that defendant Johal failed to taper him off of the morphine appropriately, causing him to get sick. *Id.* at 11.

Plaintiff's first-level appeal was partially granted on February 18, 2015, because plaintiff was evaluated by defendant Johal but denied opioid medicine. ECF No. 41-2 at 27, 36. Plaintiff appealed to the second level, explaining that "Dr. Johal arbitrarily and capriciously took me off of my pain medication for chronic pain and did not properly taper [me] off of the medication." ECF No. 51 at 7. Plaintiff's second-level appeal was denied on April 20, 2015. *Id.* Plaintiff appealed to the third level, explaining that he "has a severe disease" and alleging "deliberate indifference to [plaintiff's] serious medical needs, and unnecessary pain and suffering." *Id.* Plaintiff's third-level appeal was denied on July 21, 2015, exhausting his administrative remedies as to this issue. *See id.*

Upon denial of plaintiff's third-level appeal, the deputy director of policy and risk-management services summarized plaintiff's allegations, in part, as: "You stated the pain medications acetaminophen with codeine, methadone, ibuprofen, and non-steroidal anti-inflammatories do not work for you. You requested the pain medication morphine . . . . Your PCP prescribed acetaminophen with codeine and ibuprofen." ECF No. 41-2 at 30. The deputy director concluded in his denial of plaintiff's grievance that "your medical condition has been evaluated and you are receiving treatment deemed medically necessary." *Id.* at 31.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes

a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Summary judgment, or summary adjudication, should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party demonstrates that summary adjudication is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the

nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there to be no genuine issue of material fact and showed judgment to be appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America*, NT & SA, 285 F.3d 764, 772 (9th Cir. 2002).

In a summary judgment motion for failure to exhaust, the defendant has the initial burden of establishing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with defendant, however. *Id.*

**B.    Exhaustion Requirement**

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. In this case the administrative remedy process of the California Department of Corrections and

5

1 Rehabilitation ("CDCR") is applicable. *See* Cal. Code Regs. tit. 15, § 3084.1 (2016). To
2 exhaust available remedies during the relevant time period, an inmate must proceed through
3 three formal levels of review unless otherwise excused under the regulations. *Id.* § 3084.5. A
4 prisoner initiates the exhaustion process by submitting a CDCR Form 602 "Inmate/Parolee
5 Appeal" ("grievance"). *Id.* §§ 3084.2(a), 3084.8(b) (quotation marks omitted).

6 The grievance must "describe the specific issue under appeal and the relief requested,"
7 and the inmate "shall list all staff member(s) involved and shall describe their involvement in
8 the issue." *Id.* § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to
9 him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal
10 Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id.* § 3084.2(a)(4).

11 The PLRA recognizes no exception to the exhaustion requirement, and the court may
12 not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct.
13 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be
14 'available' to the prisoner." *Id.* at 1856. If the court concludes that plaintiff has failed to
15 exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of
16 the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d
17 1164, 1175-76 (9th Cir. 2005).

18 **III. DISCUSSION**

19 As an initial matter, it is undisputed that plaintiff did not submit or exhaust a grievance
20 in relation to his First Amendment retaliation claim. *See* ECF No. 51 at 1. Plaintiff's grievance
21 related to his medical care did not raise any of the factual issues that would give notice of a
22 retaliation claim. Accordingly, we conclude that plaintiff failed to exhaust his available
23 administrative remedy concerning the First Amendment retaliation claim. *See Albino*, 747 F.3d
24 at 1172. This claim should be dismissed without prejudice.

25 The parties contest whether plaintiff's remaining claim for Eighth Amendment medical
26 deliberate indifference was sufficiently raised to exhaust plaintiff's administrative remedies.
27 *See* ECF Nos. 41 at 8; 51 at 1. The exhaustion requirement is intended to give a prison the
28 notice and opportunity to correct an issue before it is brought to court, and to create an

administrative record. *See Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

Defendant Johal argues that plaintiff's grievance failed to alert the prison to the nature of plaintiff's claim. ECF Nos. 41 at 8-9; 52 at 2-3. In his grievance, plaintiff made the prison aware that he was in pain because defendant Johal refused him "proper" pain medicine. *See* ECF No. 51 at 11. Plaintiff also alleged that defendant Johal's decision was not medically sound, asserting that it was "arbitrary and capricious" and that it ignored his pain and underlying medical issues—and therefore constituted "deliberate indifference." *Id.* at 7. The prison recognized that plaintiff alleged that the specific medicines defendant Johal prescribed for pain were not working for him. *See* ECF No. 41-2 at 30. Even so, defendant insists that plaintiff should have been more specific in his complaint, apparently expecting plaintiff to raise his claim at the grievance level with laser-like precision, exactly as it eventually would be laid out in this court's screening order. *See* ECF No. 52 at 2. This argument is meritless. *See Griffin*, 557 F.3d at 1120. The prison had the opportunity to consider, and did consider, whether defendant Johal's treatment of plaintiff was medically adequate, even though plaintiff alleged that he was in pain and on medicines that did not work for him. Plaintiff's grievance was sufficiently detailed to exhaust his administrative remedies as to his Eighth Amendment claim. *See Reyes*, 810 F.3d at 659 (recognizing that a grievance meets the requirements of the PLRA if it "'alerts the prison to the nature of the wrong for which redress is sought'" (quoting *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010))). *See also Fuqua v. Ryan*, 890 F.3d 838, 847-50 (9th Cir. 2018) (recognizing that a request that was considered and rejected by the prison during the grievance process had been exhausted).

### IV. FINDINGS AND RECOMMENDATIONS

Defendant Johal has failed to meet her burden on summary judgment as to plaintiff's medical indifference claim but has met her burden as to plaintiff's retaliation claim.

7

Accordingly, we recommend that:

1. defendant Johal's motion for summary judgment for failure to exhaust administrative remedies be granted in part and denied in part; and that
2. plaintiff's First Amendment retaliation claim against defendant Johal be dismissed without prejudice.

We submit the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: April 12, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204